IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Wright, | C/A No. 8:17-cv-2700-JFA-JDA |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| ~~State of South Carolina,~~ ~~Sheriff Al Cannon,~~ Chief Beatty, Jail Administrator of Sheriff Al Cannon Detention Center ~~Scarlet Wilson,~~ ~~Detective Carr,~~ ~~Jerry Simmons,~~ ~~Warrant Number,~~ | |
| Respondents. | |

James Wright ("Petitioner"), proceeding pro se, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges he is a pretrial detainee at the Charleston County Detention Center ("CCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## **BACKGROUND**

Petitioner alleges he is detained in the CCDC, and he has an attorney appointed to represent him in the state pending criminal case. [Docs. 1, 1-2.] He alleges that he has been charged with numerous crimes but that he is being unlawfully detained and deprived of constitutional rights and protections in his state court criminal proceedings. [*Id.*]

Petitioner appears to contend that he is being denied adequate representation due to his poverty status, that the State is refusing to comply with discovery rules and procedures in the pending state criminal action, and that he is being detained unlawfully in violation of his "right to freedom, liberty and justice." [*Id.*] Petitioner fails to aver facts to

support his claims, and instead presents lengthy string citations to case law and court rules. [*Id.*] Petitioner requests that this Court to order his immediate release and that all charges against him be dismissed. [*Id.*]

Petitioner refers to seven warrants in his Petition. This Court takes judicial notice from the Charleston County online court records that Plaintiff was arrested on August 12, 2014, and charged with the following crimes, which remain pending against him: murder; attempted murder; possession of a weapon during a violent crime; burglary, first degree; armed robbery; and accessory before the fact to a felony. *See* Charleston County Ninth Judicial Circuit Public Index, https://publicindex.sccourts.org/Saluda/PublicIndex/PISearch.aspx (enter Plaintiff's name, and 2014A1011300051, 2014A1011300052, 2014A1011300053, 2014A1011300054, 2014A1011300055, 2014A1011300056, 2014A1011300057) (last visited Nov. 14, 2017); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. Petitioner filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which

relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Additionally, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction. However, pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Generally though, "'an attempt to dismiss an indictment or otherwise prevent a prosecution'" is not attainable through federal habeas

3

corpus. *Dickerson*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976)). And, a federal writ of habeas corpus under 28 U.S.C. § 2241 can only be sought *after* the petitioner has exhausted his state remedies.[*] *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (exhaustion required under 28 U.S.C. § 2241); *Moore v. DeYoung*, 515 F.2d 437, 442–43 (3rd Cir. 1975) (exhaustion required under 28 U.S.C. § 2241).

Indeed, with regard to the exhaustion requirement for federal court jurisdiction under § 2241, it is well settled that "federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (collecting cases).

Additionally, in *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state

---

[*]Exhaustion is statutorily required by 28 U.S.C. § 2254; whereas, when a petition for writ of habeas corpus is brought by a state prisoner pursuant to 28 U.S.C. § 2241, the exhaustion of state remedies is a judicially created requirement.

4

judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  Here, Petitioner alleges he is involved in ongoing state criminal proceedings.  The second criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).  The Court also decided the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."  *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

Federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review.  *Dickerson*, 816 F.2d at 224-26; *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).  While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention.  *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975).  Thus, where a threat to a petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances are shown.  *Id.*; *cf. Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention because "the very constitutional right claimed . . . would be violated" if petitioner were forced to go to trial).

5

Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449. In *Moore*, for example, the court concluded that the federal court should abstain from considering a speedy trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal. *Id.* at 443.

In this case, it appears Petitioner alleges a violation of the United States Constitution by contending the state trial proceedings are unfair due to his poverty status and because the state is failing to comply with pretrial discovery rules and procedures. However, because Petitioner may raise these claims in the state court during trial and post-trial proceedings, pretrial intervention by this Court is not appropriate. In the ongoing state prosecution, Plaintiff will have a sufficient opportunity to raise the issues of alleged violations of his constitutional rights by bringing an appropriate motion, and, if he believes the state court has not properly decided his speedy trial motion, he may pursue an appeal or other remedies in state court. *Hamilton v. Ninth Judicial Circuit Court of Charleston Cty.*, No. 2:17-CV-921-MBS-MGB, 2017 WL 2373217, at *3 (D.S.C. May 3, 2017), *report and recommendation adopted by* No. CV 2:17-0921-MBS, 2017 WL 2362387 (D.S.C. May 31, 2017). Therefore, based on the doctrines of abstention and exhaustion of state remedies, Petitioner is precluded from federal habeas relief at this time, and his Petition should be dismissed.

## **RECOMMENDATION**

It is recommended that this action be dismissed *without prejudice and without requiring the Respondent to file an answer or return*. **Petitioner's attention is directed to the important notice on the next page.**

                                                s/Jacquelyn D. Austin
                                                United States Magistrate Judge

November 14, 2017
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).